Zia Shaikh in propria persona
200 Village Ctr Dr
Unit 7381
Freehold, NJ 07728
(732)766-5466 Cell

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| ZIA SHAIKH,<br>Plaintiff, | CIVIL CASE<br>NO:_____ |
| V. | |
| STEPHANIE J. BROWN Esq,<br>DIAZ & ASSOCIATES, LLC | CIVIL COMPLAINT<br>WITH JURY DEMAND |
| Defendants, | |

## COMPLAINT AT LAW

Plaintiff, ZIA SHAIKH, (Hereinafter: "SHAIKH") an individual, PRO SE, does hereby bring this Complaint at Law against the defendants STEPHANIE J. BROWN (Hereinafter: "BROWN") and DIAZ & ASSOCIATES (Hereinafter: "DIAZ").

In support thereof the Plaintiff states as follows:

### NATURE OF THE ACTION

1. This is an action for intentional misrepresentation, negligent misrepresentation, breach of contract and negligent infliction of emotional distress.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to Diversity of Citizenship in a matter in controversy in excess of $50,000.00. The Defendant is an attorney with Diaz & Associates P.A. located at 9370 Sunset Dr. A-110 Miami, Florida 33173.

3. Venue is proper in this Court. SHAIKH is a resident of the State of New Jersey.

## PARTIES

4. The Plaintiff, SHAIKH at all times relevant has been a resident of Monmouth County, State of New Jersey. SHAIKH was a duly licensed financial planner doing business in the State of New Jersey.

5. The Defendant, BROWN, is an attorney with Diaz & Associates P.A. located at 9370 Sunset Drive A-110 Miami, Florida 33173.

6. The Defendant Diaz & Associates (Hereinafter: "DIAZ") is a Florida professional corporation doing business at 9370 Sunset Drive A-110 Miami, Florida 33173.

## FACTS

7. In 2013, SHAIKH was lawfully married and the father of three minor children residing in Ocean County, State of New Jersey.

8. In 2013, BROWN was operating a DIAZ branch law office in New Jersey specializing in real estate loan modifications.

9. In 2013, SHAIKH was seeking an experienced matrimonial attorney for his potential dissolution of marriage, child custody and child visitation matters likely to proceed in Ocean County, New Jersey.

10. BROWN misrepresented to SHAIKH that she was an experienced matrimonial attorney with a majority of her legal practice devoted to domestic relations and divorce matters.

11. In August 2013, SHAIKH contracted with BROWN to represent him as the petitioner in his dissolution of marriage petition in Ocean County, New Jersey (Ocean County Case No. FM-15-500-14-W), and paid her an initial retainer in the amount of Four Thousand Three Hundred Dollars ($4,300.00).

12. On April 23, 2014 BROWN failed to appear at a mandatory hearing in the

above mentioned divorce proceedings, and a default judgment was entered against SHAIKH, and as a result SHAIKH was evicted from his marital residence, and child custody, child support, visitation, maintenance, and legal fee orders were entered against SHAIKH and in favor of SHAIKH's former wife.

13. At no time did BROWN vacate, or otherwise reverse, the April 23, 2014 default judgment, and on May 2, 2014 BROWN withdrew as attorney of record in the Ocean County divorce proceedings.

14. Since the entry of the default judgment SHAIKH has not regained custody of his children, has had only intermittent supervised child visitation, was evicted from his marital residence, and has had suffered extreme financial hardships as a result.

## COUNT I
## BREACH of CONTRACT

15. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 14 as its allegations of Count I.

16. SHAIKH and Defendants had executed a written performance contract. (See: Attorney-Client Agreement attached hereto as **EXHIBIT "A"**)

17. Defendants' contractual obligation to SHAIKH included at a minimum attending mandatory court appearances, hearings and accurately advising and informing SHAIKH of the status of his case.

18. Defendants' failure to appear at the April 23, 2014, Ocean County court hearing, and subsequently causing a non rectified, and permanent default judgment to be entered against SHAIKH constitutes a breach of the written duties and obligations owed to the Plaintiff by virtue of their written contract.

19. Defendants' breach of contract was vexatious and egregious.

20. As a result of Defendants' breach of contract and the default judgment, SHAIKH

incurred pecuniary losses in the divorce case, including but not limited to additional legal fees, mandatory court imposed legal fees, court imposed child support payments, and costs.

21. Consequently, SHAIKH is entitled to the reimbursement of any and all fees paid to BROWN and DIAZ under this agreement, and any and all actual damages incurred as a result of Defendant's breach of this contract.

22. SHAIKH is entitled to punitive damages, legal fees, and costs of litigation.

WHEREFORE, the Plaintiff SHAIKH requests that this Honorable Court enter a judgment against Defendant Brown and Defendant Diaz for actual damages in the amount of Four Hundred Thousand Dollars ($400,000.00); plus punitive damages in the amount of Twenty Million Dollars ($20,000,000.00); or in the alternative grant the Plaintiff relief that is fair, equitable and just.

## COUNT II
## INTENTIONAL MISREPRESENTATION

23. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 22 as its allegations of Count I as its allegations of Count II.

24. BROWN falsely held herself out to SHAIKH as an experienced New Jersey domestic relations attorney. In actuality, her practice focused on real estate loan modifications and she had very little professional legal experience in the area of domestic relations.

25. BROWN's intentional misrepresentations were knowingly made by BROWN to induce SHAIKH into entering into an attorney-client agreement and securing from him a retainer and fees.

26. SHAIKH properly and justifiably relied upon BROWN's false representations to his detriment.

27. BROWN's conduct in SHAIKH's divorce proceedings demonstrates her complete lack of understanding of New Jersey and Ocean County domestic relations

procedural and substantive law. In fact, she lacked the minimum degree of domestic relations experience and was not a capable divorce attorney as she misrepresented to SHAIKH.

28. On or about April 28, 2014, BROWN notified SHAIKH that she was not capable of handling the complicated issues in his case and was withdrawing as attorney of record on May 2, 2014.

29. As a direct and proximate result of BROWN's intentional misrepresentations SHAIKH lost permanent custody of his children, and has had only inter mitten supervised visitation with his minor children since 2014; he was evicted from his marital home; and, has suffered extreme financial hardships as a result thereof.

WHEREFORE, the Plaintiff SHAIKH requests that this Honorable Court enter judgment in his favor and against the Defendant Brown in the amount of Twenty Million Dollars ($20,000,000.00), or in the alternative, grant the Plaintiff any and all relief that this court deems fair, equitable and just.

## COUNT III
## NEGLIGENT MISREPRESENTATION

30. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 29 of Count II as its allegations of Count III.

31. BROWN incorrectly represented herself as an experienced and competent Ocean County, New Jersey Domestic Relations attorney.

33. SHAIKH relied upon BROWN's misrepresentations to his detriment.

33. BROWN's New Jersey law practice focused on real estate loan modifications and she had little, or, minimal legal experience in domestic relations.

34. BROWN's conduct in the Ocean County, New Jersey divorce proceedings demonstrates her inadequate understanding of New Jersey and Ocean County

domestic relations procedural and substantive law. In fact, she was not an experienced domestic relations attorney as she represented herself to SHAIKH.

35. As a direct and proximate result of BROWN's misrepresentations SHAIKH lost permanent custody of his children and has had only inter mitten supervised visitation with his minor children since 2014; he was evicted from his marital home and suffered extreme financial hardship.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment on his behalf and against the Defendant Brown in the amount of Twenty Million Dollars ($20,000,000.00), or in the alternative grant the Plaintiff relief that it deems fair, equitable and just.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 35 of Counts I thru III as its allegations of Count IV.

37. As a direct and proximate result of the above mentioned default judgment SHAIKH was denied custody of his three children and has enjoyed only intermittent supervised visitation with these children since 2014. The loss of his children in his life has caused SHAIKH severe emotional distress.

38. As a direct and proximate result of the above mentioned default judgment SHAIKH has incurred unnecessary legal fees, costs and expenses. These costs, fees and expenses have depleted the SHAIKH's savings and have otherwise caused an extreme financial hardship on him. This extreme financial hardship has caused the SHAIKH severe emotional distress.

39. As a result of the unlawful actions of BROWN, SHAIKH suffers from clinical depression, extreme anxiety, and stress which have severely and adversely affected his professional and personal daily life.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment against the Defendant for negligent infliction of emotional distress in the amount of Twenty Million Dollars ($20,000,000.00), or any relief this court deems to be equitable and just.

Respectfully submitted,

_____
ZIA SHAIKH
Pro Se

December 16, 2020

## CERTIFICATE OF SERVICE

**I, Zia Shaikh** hereby certify under the penalty of perjury that copies of the foregoing have been sent to the Defending parties in accordance with the rules of Civil Procedure, and have been served upon the defendants by Process server and delivered to the following parties:

Stephanie J. Brown Esq
1529 SW 1st St,
Miami, FL 33135

DIAZ & ASSOCIATES LLC
1529 SW 1st St,
Miami, FL 33135

Respectfully Submitted,

Zia Shaikh, Pro Se

December 16, 2020

**EXHIBIT "A"**

THE LAW OFFICES OF STEPHANIE J. BROWN
Stephanie J. Brown, Esquire
129 Shire Drive, Sewell, NJ 08080
(856) 904-9390 Fax-(856) 269-4649



3/1/14
$3000 Retainer
Mailed.

STEPHANIE J. BROWN, ESQ.
ADMITTED IN NJ AND PA

EMAIL: sjbrownesquire@yahoo.com
Stephanie Wright, Paralegal (267)694-6111
Email: swright00165@yahoo.com

## MATRIMONIAL ENGAGEMENT AND RETAINER AGREEMENT

ZIAH SHAIKA vs. LAURA L. CHERMEDNIG

1. I, the undersigned, agree to retain Attorney Stephanie J Brown to continue to represent my interests, in the above captioned matter. I am aware this is an addendum to the previous retainer, which was based on a simple uncontested divorce.

2. I agree to The Law Offices of Stephanie J. Brown for the Following:

    A. $3,000.00 additional retainer. Initially Stephanie J. Brown, Esquire was hired to perform the uncontested dissolution of a marriage. It was related by Client that there would be no contesting of the Divorce Complaint and that his Wife would not desire custody of their three minor children. Client's Wife, on the contrary, hired legal counsel, has filed an Answer and a Counterclaim to the Complaint. This matter has now become highly contested and is and will continue to involve matters of child custody, parenting times, allegations and the defenses wherein of abuse (toward both adult and children), the dissolution of marital and non-marital debt, defense against alimony matters, etc. The matter will involve extensive meeting times with client, preparations for depositions, extensive discovery preparation and/or production, etc. Client's Wife has currently filed a Counterclaim, alleging extreme cruelty and demanding sole custody of the three children. As discussed between attorney and client, there, is accordingly, an additional retainer now due, due to the changed circumstances. As the Client has demanded that solely a set amount be expended each month for legal fees, Attorney has agreed that the $3,000.00, will be the total amount due for the next three months, (as well as including all amounts now due and owing in excess of the initial Retainer Fee, $1,000.00), date agreed as May 19, 2013. If the litigation continues after that, there will be an additional $2,000.00 due for an additional three months, date certain as July 19, 2013. If the litigation continues after that date, all parties agree to re-convene and agree upon how the litigation and retainer agreement thereof so resume.

    B. Monies not used (i.e. unused fees and expenses) will be returned to you. Expenses are things like filing fees, and mileage, but can sometimes include employment of outside experts such as accountants, child psychologists, mediators and others. **Larger expenses, such as the latter will only be expended upon your approval, and the Firm retains the option to insist they be paid as incurred.**

**THE LAW OFFICES OF STEPHANIE J. BROWN**
Stephanie J. Brown, Esquire
129 Shire Drive, Sewell, NJ 08080
(856) 904-9390 *Fax*-(856) 269-4649

STEPHANIE J. BROWN, ESQ.
ADMITTED IN NJ AND PA.

EMAIL: sjbrownesquire@yahoo.com
Stephanie Wright, Paralegal (267)694-6111
Email: swright00165@yahoo.com

C. **It is further understood that:** This agreement does not apply to any appeals or post-judgment actions, proceedings, or applications and that if such engagements were to be accepted by this firm in the future, the firm's representation would have to be evidenced by execution of another and separate Retainer Agreement. Nor does this agreement apply to any other proceedings commenced by either party unless another and separate retainer is executed. ~~However, this retainer agreement in no way obligates the Firm to accept such engagement in the future.~~

D. The client authorizes the attorney to take any steps which, in the sole discretion of the attorney, are deemed necessary or appropriate to protect the client's interest in the matter.

E. Legal work performed by the attorney will be billed at a rate of $250.00 per hour, although the fees have been agreed to be contained within the set amount agreed to by Client and Attorney. Legal assistants and law clerks work will be billed at $75.00 per hour. Secretarial work will be billed at $20.00 per hour. Fees will be update annually, and I will be notified of any rate changes. I also will be billed for any faxing and copying done on my case. If I do not object, I will waive any subsequent objection to the fees on the statement. This means you must review your bill as soon as possible and raise any objections right away. Otherwise, you will be deemed to have agreed to all charges.

F. Billing will be in increments of .1/hour. All phone calls will be charged a .2/hour minimum, and then billed in the normal manner. A court appearance is billed for a minimum of one hour, includes travel to and from court, and includes delays while in court hearing your case. Emails, text messages, and similar electronic communications will be billed more favorably, with increments of .1/hour. Phone calls and court dates are treated differently. Because they consume more time and interrupt any ongoing matters with other cases. You are paying for the attorney's time, so travel to and from court, and any other attorney time expended as a result of your case is billable.

G. Depositions: Client shall pay the sum of $750.00 at least 10 days prior to a scheduled deposition to cover the cost of stenographer fees.

1. All fees are my responsibility regardless of whether other persons agree or are ordered to pay them. My attorney is not under obligation to sue for or collect fees awarded to me.

<u>THE LAW OFFICES OF STEPHANIE J. BROWN</u>
Stephanie J. Brown, Esquire
129 Shire Drive, Sewell, NJ 08080
(856) 904-9390 Fax-(856) 269-4649

STEPANIE J. BROWN, ESQ.
ADMITTIED IN NJ AND PA

EMAIL: sjbrownesquire@yahoo.com
Stephanie Wright, Paralegal (267)504-6111
Email: swright00165@yahoo.com

2. I authorize my attorney to deduct his or her fees from funds held in trust or otherwise and further. I agree that The Law Offices of Stephanie J. Brown has an attorneys' lien pursuant to N.J.S.A. 2A: 15-5 on the proceeds of equitable distribution for any outstanding balance of legal fees.

3. I agree to pay all fees before the conclusion of my case, unless otherwise agreed. The Law Offices of Stephanie J Brown may withdrawal from representation, if I do not comply with this agreement.

4. You will be billed monthly for the balance of any/all outstanding retainer fees.

5. I understand and acknowledge that should The Law Offices of Stephanie J. Brown bring suit against me for fees due under this Agreement, and after the requisite Pre-Action Notice required by The Rules Governing the Courts of New Jersey, I shall be responsible for all costs of suit and attorney's fees associated with such collection suit, with my minimum responsibility being $500.00 for the costs of suit and attorney's fees for the filing of same. I agree that the fees set forth in this agreement are reasonable attorney fees.

6. If documents are requested after the file is closed, a fee will be charged in advance for retrieval from storage. You agree to retain all files returned to you at the conclusion of your matter. We will retain our records for 7 years, after which they will be destroyed.

7. Anticipated legal services will be limited to issues directly related to divorce, custody and equitable distribution, including pleadings, preparation, negotiations, motions, required court appearances and trial and drafting of Separation and Property Settlement Agreement. Legal services not encompassed by this Agreement are: real estate transactions, municipal court appearances, tort claims, appeals, and domestic violence proceedings, and preparation and implementation of Qualified Domestic Relations Orders, unless specifically agreed.

8. A minimum of .2/ hours will be billed for any legal action taken on your case.

9. Complimentary Dispute Resolution (CDR), including, but not limited to Mediation and Arbitration is available to assist in resolving your matter. I acknowledge receiving CDR materials.

10. **Retention of expert:** You have been advised that in order for us to properly protect your interests, it may be necessary to retain outside experts such as appraisers, actuaries, and accountants. You will be responsible for the costs incurred for any such service which in some cases may have to be paid in advance depending upon the requirement of the particular expert. No expert or appraiser shall be retained without your prior approval. If necessary an applicable, an application will be made to the Court to have your spouse pay all or part of the aforementioned fees for experts.

**THE LAW OFFICES OF STEPHANIE J. BROWN**
Stephanie J. Brown, Esquire
129 Shire Drive, Sewell, NJ 08080
(856) 904-9390 *Fax*-(856) 269-4649

STEPANIE J. BROWN, ESQ.
ADMITTED IN NJ AND PA.

EMAIL: sjbrownesquire@yahoo.com
Stephanie Wright, Paralegal (267)694-6111
Email: swright00165@yahoo.com

11. **Acknowledgement and understanding:**

   a. The Client acknowledges that he or she has read this agreement in its entirety, has had full opportunity to consider its terms, and has had full and satisfactory explanation of the same, and fully understands its terms and agrees to such terms.
   b. The Client fully understands and acknowledges that there are no additional or different terms or agreements other than those expressly set forth in this written agreement.
   c. The Client acknowledges that he or she was provided with and read the Statement of Client's Rights and Responsibilities', a copy of which is attached to their Retainer.
   d. The Client understands and acknowledges that he or she was made aware that the retainer fee will be held and trust, and I will not receive a refund if I terminate the services of The Law Offices of Stephanie J. Brown.

12. **Certifications:** We have informed you that pursuant to court rule, we are required, as your attorney, to certify court papers submitted by you which contain statements of face, and specifically certify that we have no knowledge that the substance of the submission is false. Accordingly, you agree to provide us with complete and accurate information which forms the basis of court papers and to certify in writing to us, prior to the time the papers are actually submitted to the Court, the accuracy of the court submissions which we prepare on your behalf, and which you shall review and sign.

13. **No guarantees:** It is specifically acknowledged by you that this Firm has made no representations to you, express or implied, concerning the outcome of the litigation presently pending or hereafter to be commenced between you and your spouse. You further acknowledge that this firm has not guaranteed and cannot guarantee in the success of any action taken by the firm on your behalf during such litigation with respect to any matter therein, including without limitation issues of spousal and/or child support, custody and/or visitation, exclusive occupancy of the martial premises, equitable distribution of marital asses, the declaration of separate property, counsel fees and/or a trial.

**THE LAW OFFICES OF STEPHANIE J. BROWN**
Stephanie J. Brown, Esquire
129 Shire Drive, Sewell, NJ 08080
(856) 904-9390 Fax-(856) 269-4649

STEPHANIE J. BROWN, ESQ.
ADMITTED IN NJ AND PA.

EMAIL: sjbrownesquire@yahoo.com

Email: swright00163@yahoo.com

14. I acknowledge receiving the STATEMENT OF CLIENT RIGHTS AND RESPONSIBILITIES IN FAMILY MATTERS. (See attached)

15. OTHER:

X _____
    Zia Shaikh

Date: 3/1/16

_____
The Law Offices of Stephanie J. Brown

Date: _____

*Requesting deletions of 2C as marked & 2G(i), for this agreement to be valid + in effect or upon attorney cashing retainer check.